UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Application For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 22 Misc.183 |
|---|---|

## ORDER GRANTING APPLICATION FOR
## JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of DANIEL HINDIN, as claimant in the foreign action *Hindin v. Persons Unknown*, pending before the General Division of the High Court of the Republic of Singapore (HC/S 470/2021; HC/SUM) ("Foreign Proceeding"), for Judicial Assistance Pursuant to 28 U.S.C. § 1782. The Court, having considered the Application, the Declaration of Daniel Hindin, and the Declaration of Michael Jason Lee, and otherwise being fully advised in the premises, finds as follows:

A. Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

B. For purposes of the instant Application, DigitalOcean, LLC ("Respondent") resides or is found in the Southern District of New York.

C. The documentary discovery sought through this Application is for use in proceedings pending before a foreign tribunal.

D. The Applicant is an interested person within the meaning of the statute, in its capacity as creditor in the foreign proceeding.

E. The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* (542 U.S. 241, 247 (2004)), weigh in favor of granting the requested assistance.

Accordingly, it is hereby **ORDERED** and **ADJUGED** as follows:

1. The Application is **GRANTED**.

2. Any Discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

3. The Applicant's request for leave to conduct discovery including, but not limited to, leave to serve subpoenas in substantially similar form as the form attached hereto is **GRANTED**.

4. The Applicant's request to be appointed as a person with the power to administer any necessary oath and take a statement is **GRANTED**.

5. The Respondent is ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until such time as Applicant communicates to them that the preservation is no longer necessary or until further order of this Court.

6. Applicant is further authorized to issue and serve additional follow-up subpoenas on the Respondent or third parties as may be necessary to obtain the documentary evidence for use in the Foreign Proceeding.

7. Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

8. This Order is without prejudice to any application by Respondent to quash or modify the subpoena.

SO ORDERED.

August 23, 2022

_____
J. PAUL OETKEN
United States District Judge

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| In re Application For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery in Aid of a Foreign Proceeding | ) ) ) | Civil Action No. 1:22-mc-183 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    Digital Ocean, LLC
       101 6th Avenue
       New York, NY 10013

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit 1**.

| Place: | Kellner Herlihy Getty & Friedman, LLP
470 Park Avenue South, 7th Floor
New York, New York 10016 | Date and Time:
_____, 2022, 10:00 a.m. |
|---|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date  _____

                *CLERK OF COURT*
                                                                OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Daniel Hindin, who issues or requests this subpoena, are: Kellner Herlihy Getty & Friedman, LLP, Berenice Le Diascorn, Esq., 470 Park Avenue South, 7th Floor, New York, NY 10016; tel: 212-889-2121; email: berenice.lediascorn@khgflaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

# DOCUMENT REQUESTS

## DEFINITIONS

The following definitions are to be used with respect to these documents:

A.  "ALL" shall mean each, any and all.

B.  "ACCESS DATA" shall refer to the data contained in Figure 4 of the Application for an Order Pursuant to 28 U.S.C. § 1782 and Memorandum of Law in Support filed in this matter, pending before the United States District Court for the Southern District of New York.  Namely:

| Date (Time in UTC) | Amount of BTC | IP Address | Domain |
|---|---|---|---|
| March 24, 2021 (01:47) | 1.0 | 167.99.184.140 | https://changehero.io |
| March 25, 2021 (12:04) | 1.0 | 167.99.184.140 | https://changehero.io |
| March 25, 2021 (12:35) | 0.5 | 167.99.184.140 | https://changehero.io |

C.  "VIRTUAL PRIVATE NETWORK ADDRESS" shall mean 167.99.184.140.

D.  "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process or written or produced by hand, and whether an original, draft, master, duplicate or copy, or notated version thereof, that is in your possession, custody or control. A draft or non-identical copy is a separate document within the meaning of this term.

E.  "DOCUMENT" as used in this Subpoena shall also include, but not be limited to, electronic files, other data generated by and/or stored on or through any of your computer systems and storage media (e.g., internal or external hard drives, CD-ROM's, floppy disks, backup tapes, thumb drives, internet-based posting boards or any other data storage media or mechanisms) or any other electronic data. This includes, but is not limited to: email and other electronic communications (e.g., postings to internet forums, ICQ or any other instant messenger messages, and/or text messages); voicemails; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices; and network access information. Further, this includes data in any format for storing electronic data.

F.  "IDENTIFY" means to state the following:

      a.    In the case of a business or corporate entity, the name, address, e-mail address, and telephone number;

      b.    In the case of a natural person, his or her name, address, e-mail address, nationality, and telephone number;

G.    "VIRTUAL PRIVATE NETWORK" shall mean the use of any protected network connection that had the effect of encrypting underlying internet activity or otherwise concealing the originating IP Address.

H.    The singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive "or" shall include the conjunctive "and."

I.    Each Document produced shall be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such Documents were located when the request was served) or shall be organized and labeled to correspond to the categories of Documents requested.

J.    You are instructed to produce any and all Documents which are in your possession, custody or control. Possession, custody or control includes constructive possession whereby you have a right to compel the production of a matter from a third party (including an agency, authority or representative).

K.    To the extent the location of any Document called for by this Exhibit is unknown to you, so state. If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth your best estimate of the Document's location, and describe the basis upon which the estimate is made.

L.    If any Document request is deemed to call for disclosure of proprietary data, counsel for movant is prepared to receive such data pursuant to an appropriate confidentiality order.

M.    To the extent the production of any Document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (e.g., attorney-client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (e.g., communication between attorney for corporation and outside counsel relating to acquisition of legal services); (3) identify each person who was present when

the document was prepared and who has seen the Document; and (4) identify every other Document which refers to or describes the contents of such Document.

N.      If any document has been lost or destroyed, the Document so lost or destroyed shall be identified by author, date, subject matter, date of loss or destruction, identity of person responsible for loss or destruction and, if destroyed, the reason for such destruction.

O.      The relevant period of time for purposes of this Subpoena is from January 1, 2021, through the present, unless otherwise specified below.

## REQUESTS TO RESPONDENT DIGITALOCEAN

1. IDENTIFY any business, corporate entity, or person and/or persons associated with the activity documented in the ACCESS DATA.

2. ALL DOCUMENTS concerning, referring to or relating to any business, corporate entity, or person associated with the activity documented in the ACCESS DATA.

3. To the extent not produced in response to Request No. 2, provide any financial or payment information concerning, referring to or relating to any business, corporate entity, or person associated with the activity documented in the ACCESS DATA.

4. To the extent not produced in response to Request No. 3, provide any and all data regarding the uses of the VIRTUAL PRIVATE NETWORK ADDRESS documented in the ACCESS DATA. This includes, but is in no way limited to, information regarding the unmasked IP address, browser, and/or electronic device used to access the VIRTUAL PRIVATE NETWORK ADDRESS at the time, and in the manner, presented in the ACCESS DATA.